a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS ANYONA RANGONDI #A213-240-362, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00149 SEC P |
| VERSUS | JUDGE JOSEPH |
| CHAD WOLF, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") (ECF No. 3) filed by *pro se* Petitioner Carlos Anyona Rangondi ("Rangondi"). Rangondi is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") detained at the LaSalle ICE Processing Center in Jena, Louisiana. He seeks his release from custody due to prolonged detention and the COVID-19 pandemic.

Because Rangondi cannot show that he is entitled to a TRO, his Motion (ECF No. 3) should be DENIED.

I. **Background**

Rangondi is a native and citizen of Kenya. ECF No. 1 at 25. He was ordered removed on September 24, 2020. ECF No. 3-1 at 1. His appeal is currently pending with the Board of Immigration Appeals. *Id.*

Rangondi alleges that he suffers from physical and mental impairments including pericarditis and post-traumatic stress disorder ("PTSD") and depression.

1

ECF No. 3 at 3. Rangondi claims that these conditions are "designated by the CDC as high-risk factors" with respect to the pandemic. *Id.*

II. <u>**Law and Analysis**</u>

Rule 65 of the Federal Rules of Civil Procedure governs injunctions and TROs. Paragraph (a) of that rule provides that a "court may issue a preliminary injunction only on notice to the adverse party," and paragraph (b) allows the issuance of a TRO without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(a) & (b); *Smith v. Tarrant Cty. Coll. Dist.*, 670 F. Supp. 2d 534, 536–37 (N.D. Tex. 2009).

To establish entitlement to a TRO, a petition must "clearly show" that the petitioner will suffer "immediate and irreparable injury" without injunctive relief. *See* Fed. R. Civ. P. 65(b)(1)(A). And to receive injunctive relief in general, a petitioner must show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)); *see Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992) ("[T]he requirements of [R]ule 65 apply to all injunctions."). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all

four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

First, a TRO cannot be granted because Rangondi has failed to comply with the basic requirements of Rule 65. He has not submitted an affidavit or a verified complaint with his request.

Next, Rangondi does not establish a substantial likelihood that he will prevail on the merits. In fact, Rangondi has been ordered to amend his Petition to provide information supporting his claim of prolonged detention, which is necessary to determine if the Petition has any merit. (ECF No. 11).

Additionally, Rangondi has not shown a substantial threat that irreparable harm will result if the relief is not granted. Rangondi, a 23-year-old, alleges that he has pericarditis, PTSD, and depression. ECF No. 3 at 3. However, these conditions are not recognized by the Center for Disease Control ("CDC") as placing him at high risk of severe illness from COVID-19.[1] *See United States v. Stephens*, 16-CR-2067714, 2021 WL 243159, at *2 (E.D. Mich. Jan. 25, 2021) (recognizing that pericarditis and mild asthma do not, according to the CDC, increase risk of developing COVID-19 complications); *United States v. Baugh*, 14-CR-0011, 2020 WL 6938637, at *2 (D. Minn. Nov. 25, 2020) (recognizing that pericarditis is not among

---

[1] Adults of any age with the following conditions are at increased risk of severe illness from the virus that causes COVID-19: cancer, chronic kidney disease, COPD (chronic obstructive pulmonary disease), Down Syndrome, heart conditions such as heart failure, coronary artery disease, or cardiomyopathies; immunocompromised state (weakened immune system) from solid organ transplant, obesity (body mass index [BMI] of 30 kg/m2 or higher but < 40 kg/m2), Severe Obesity (BMI ≥ 40 kg/m2), pregnancy, sickle cell disease, smoking, or Type 2 diabetes mellitus.   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 2/10/21)

the "risk-enhancing heart conditions" identified by the CDC as putting a person at an increased risk of severe complications from the virus that causes COVID-19). According to the CDC, heart failure, coronary artery disease, cardiomyopathies, and pulmonary hypertension are the heart conditions that increase one's risk of severe illness from COVID-19. *Id.* Having other cardiovascular or cerebrovascular disease, such as hypertension (high blood pressure) or stroke, "might" increase the risk of severe illness from COVID-19. *Id.* Rangondi provides no evidence indicating that his conditions place him at a high risk of severe illness should he contract COVID-19.

Although Rangondi complains about a lack of safety protocols, the allegations are based on information provided in articles published in April, May, and August of 2020, rather than current, first-hand experience. ECF No. 3 at 35-37. Also, according to ICE, there is currently one confirmed case of COVID-19 under isolation or monitoring at the facility in Jena. [2]

III. Conclusion

Because Rangondi cannot meet the requirements to obtain emergency injunctive relief, IT IS RECOMMENDED that his Motion (ECF No. 3) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[2] https://www.ice.gov/coronavirus#detStat

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, February 12, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE